OPINION
{¶ 1} On July 6, 1988, appellee, Jennifer Dyer, was seriously injured when a vehicle operated by Douglas Dyer struck the bicycle she was riding. At the time of the accident, Mr. Dyer was insured under an automobile insurance policy issued by Allstate Insurance Company. On September 18, 1989, Nancy Hopkins, as appellee's mother and guardian, accepted the policy limits from Allstate ($15,000).
 {¶ 2} Also at the time of the accident, appellee was employed with McDonald's, owned and operated by Dana Lewis, insured under a comprehensive general liability policy and a comprehensive catastrophic coverage policy issued by Lumbermens Mutual Casualty Company. Appellee was also employed by the Tuscarawas County Clerk of Courts Office, insured under a comprehensive automobile liability insurance policy issued by The Personal Service Insurance Company. Appellee obtained the latter job through the Job Training Partnership, insured under an insurance policy issued by Nationwide Mutual Insurance Company. Further, while working for the Tuscarawas County Clerk of Courts, appellee was supervised by members of HARCATUS Tri-County CAO, Inc., insured under an insurance policy issued by Motorists Mutual Insurance Company.
 {¶ 3} On February 15, 2000, Lumbermens filed a declaratory judgment action seeking a declaration of the rights and obligations under its policy regarding appellee's accident, Case No. 2000CV020081. Appellee filed an answer and counterclaims for declaratory judgment against various insurance companies. On July 5, 2000, appellee filed a complaint against Mr. Dyer and various insurance companies for money judgment and declaratory relief, Case No. 2000CV070353. All parties filed motions for summary judgment. By judgment entries filed August 1, 2001, the trial court granted summary judgment in favor of Lumbermens, Personal Service, Nationwide, Motorists and Mr. Dyer.
 {¶ 4} On August 31, 2001, appellee filed appeals. By opinion and judgment entry filed March 28, 2002, this court affirmed in part, reversed in part and remanded the case to the trial court. See, Hopkinsv. Dyer, Tuscarawas App. Nos. 2001AP080087 2001AP080088,2002-Ohio-1576, (hereinafter "Hopkins I"). This court found appellee was entitled to coverage under the Lumbermens and Personal Service policies.
 {¶ 5} Upon remand, all parties filed motions for summary judgment. By judgment entry filed January 8, 2003, the trial court found in favor of appellee as against Lumbermens and Personal Service. The trial court found the total sum available for payment to be $16,500,000, subject to a set-off of $15,000 for the amount recovered from Mr. Dyer.
 {¶ 6} Lumbermens filed an appeal and assigned the following errors:
 I {¶ 7} "Where A Claimant Fails To Meet The Definition Of Insured At The Time The Alleged Claim Arose, Coverage Under That Insurance Policy Must Be Denied Regardless Of Whether The Asserted Coverage, UM/UIM, Is Implied By Operation Of Law."
 II {¶ 8} "Where A Claimant Is An Insured Under A Policy, And Even Where Coverage Is Implied By Operation Of Law, The Claimant Must Satisfy All Conditions Precedent For Entitlement To Coverage."
 {¶ 9} Appellee filed a cross-appeal and assigned the following errors:
 Cross-assignment of error I {¶ 10} "The Trial Court Erred When It Failed To Properly Follow The Law Of The Case When It Ordered That UM/UIM Coverage Is `subject To A Set-off Of The $15,000.00 Previously Recovered By The Plaintiff From Douglas Dyer's Insurance Carrier, Allstate Ins. Co.' (second Half Of Conclusion Of Law #5). The Law Of The Case Is That Jennifer Hopkins Peterson Did Not Settle With Douglas Dyer And Did Not Receive Any Monies From Douglas Dyer Or Allstate Inc. Co. The Trial Court Erred When It Held To The Contrary."
 Cross-asignment of error II {¶ 11} "The Trial Court Erred When It Set-off Nancy Hopkins' Consortium Recovery Against Jennifer Hopkins Peterson's UM/UIM Claim. Set-off Applies Only Against Monies Actually Received By The UM Claimant. Set-off Is Not Available Where UM/UIM Coverage Is Imposed By Operation Of Law. Set-off, If Available, Is Subtracted Only Off Jennifer Hopkins Peterson's Damages And Not UM/UIM Limits Of Coverage. The Trial Court Erred When It Did Not Follow The Law."
 Cross-assignment of error III {¶ 12} "The Trial Court Further Erred When It Considered The Unplead And Therefore Waived Affirmative Defense Of Set-off. PSIC And LMCC Did Not Plead Any Right To A Set-off. Set-off Is An Affirmative Defense. Failure To Timely Plead Affirmative Defenses Cause Those Defenses To Be Waived Pursuant To Civil Rule 8(C) And 12(H)."
 Cross-asignment of error IV {¶ 13} "The Trial Court Erred When It Stated That PSIC's Primary UM/UIM Coverage Is Pro-rated With LMCC's Umbrella UM/UIM Coverage. PSIC's UM/UIM Coverage Is Primary Along With LMCC's Primary UM/UIM Coverage. LMCC's Umbrella Coverage Is Excess Over Both PSIC And LMCC Primary UM/UIM Coverages. Plaintiff/appellant Can Stack All These Coverages Until She Is Compensated In Full."
 {¶ 14} This matter is now before this court for consideration.
 I, II {¶ 15} Lumbermens's two assignments of error claim the trial court erred in not revisiting the issue of whether appellee was an insured under its policies. Lumbermens claims appellee does not meet the definition of an "insured" and did not meet all of the requirements of the insurance contract. By judgment entry filed January 8, 2003, the trial court found under the theory of "law of the case" appellant was not entitled to a revisit of the previous issues. We agree with the trial court for the following reasons.
 {¶ 16} As Lumbermens acknowledges in its summary judgment motion filed November 13, 2002, its request to the trial court is to revisit the issues:
 {¶ 17} "Subsequent to the Fifth District's decision in Hopkins,
that decision has been all but overruled by that very same court and now it conflicts with majority opinion in this district. This Court should abide the current-majority opinion in the Fifth District and hold that Hopkins is not `insured' under Lumbermens' general liability policy, and commercial catastrophe policy, as she was not injured while in the scope of employment with Dana Lewis."
 {¶ 18} In fairness to Lumbermens, we have reviewed the numerous filings involved sub judice. Lumbermens filed its original motion for summary judgment on March 16, 2001 and specifically argued at 10-11 appellee was not an insured under its policy:
 {¶ 19} "Assuming arguendo that UM/UIM coverage could arise under the GLC and CCC sections of the policy, Hopkins does not fit the definition of an `insured' under either section, and therefore cannot recover thereunder. Recall that the policy stated as follows:
 {¶ 20} "NAMED INSURED: MR. DANA J. LEWIS * * *
 {¶ 21} "Although the GLC and CCC also define an `insured' to include employees in certain circumstances, both sections specify that employees are `insured' only while performing in the scope of duty as an employee of the `named insured,' i.e. Dana Lewis." (Footnote omitted.)
 {¶ 22} This same motion at 17-19 argued in the alternative that appellee violated the notice and subrogation provisions of the policies.
 {¶ 23} Lumbermens's November 15, 2002 motion for summary judgment addresses the same issues as raised in the March 16, 2001 motion for summary judgment. In Hopkins I, this court addressed these issues via Assignment of Error V which stated as follows:
 {¶ 24} "V. Jennifer Hopkins Is Entitled To Uninsured/underinsured Motorist Coverage Under Both The LMCC Comprehensive General Liability Policy And The LMCC Comprehensive Catastrophe Policy Issued To Jennifer Hopkins' Employer. Jennifer Hopkins, As An Employee, Is An Insured Under Both Policies. The Court Erred When Ordered [sic] To The Contrary.
 {¶ 25} "V A. As An Employee Of Dana Lewis dba McDonald's, Jennifer Hopkins Is An Insured Under The LMCC Policy.
 {¶ 26} "V B. Uninsured/underinsured Motorist Coverage Is Provided In These Policies By Operation Of Law. The Failure To Offer Uninsured/underinsured Motorist Coverage Prior To The Policy Year Or The Receipt Of A Rejection Before The Policy Year Means That Uninsured/underinsured Coverage Is Imposed As A Matter Of Law. Gyori Vs.Johnston Coca-cola B0ttling Co. (1996) 76 Ohio St.3d 565.
 {¶ 27} "V C. If A Policy Of Insurance Provides Coverage For Non-owned Or Hired Autos, And No Offer Of Uninsured/underinsured Motorist Coverage Is Made By The Insurance Company, Uninsured/underinsured Motorist Coverage Is Imposed On That Policy. Selander Vs. Erie Ins.Group (1999) 85 Ohio St.3d 541.
 {¶ 28} "V D. The Uninsured/underinsured Motorist Coverage Imposed On These Policies In Favor Of Employee Jennifer Hopkins May Not Be Limited To Times When The Employee Is In The Scope Or Course Of His Employment With The Employer. No Other Exception, Limitation, Qualification Or Exemption May Be Imposed Upon Jennifer Hopkins' Right To Uninsured/underinsured Motorist Coverage Under The LMCC, Kemper Package, Combination Comprehensive General Liability Or Comprehensive Catastrophe Liability Coverages. These Same Principles Apply To The Personal Services Ins. Co. Policy And Its Imposed Uninsured/underinsured Motorist Coverage.
 {¶ 29} "V E. Jennifer Hopkins May Stack All The Liability And Uninsured/underinsured Motorist Coverages Under These Policies Up To The Full Amount Of Damages And Losses That She Suffered.
 {¶ 30} "V F. The Defendant LMCC Did Not Plead The Affirmative JE Defenses Of Disaffirmance, Set Off, Off-set, Prorata Or Excess And The Constitutional Defenses Raised In Its Motion For Summary Judgment.
 {¶ 31} "V G. Since The Uninsured/underinsured Motorist Coverages In The LMCC Policies Are Mandated By Law, No Other Exceptions, Qualifications Or Limitations Will Be Read Into This Policy Including Any Notice, Consent, Subrogation, Late Notice Or Any Other Condition. This Assignment Of Error Also Applies To The Personal Services Ins. Co. Uninsured/ Underinsured Motorist Coverage Mandated By Law."
 {¶ 32} In fact, this writer's dissent in Hopkins I clearly mirrors the arguments now posed by Lumbermens:
 {¶ 33} "I respectfully dissent from the majority's decision in Assignment of Error V that the UM/UIM coverage that arises out of operation of law does not carry forward the restrictions of the original policies. I believe the facts and policies sub judice are clearly distinguishable from Scott-Pontzer for the following reason. Appellant [appellee herein] is an insured under the comprehensive catastrophic liability coverage. As an insured, the restrictions of the underlying policy by contract naturally follow through to the UM/UIM coverage. I would find that although appellant was an insured under Lumberman's policy, she was not working within the scope of her employment and is therefore barred from coverage under the UM/UMI operation of law policy.
 {¶ 34} "I would dismiss as to Lumberman's and deny the fifth and ninth assignments of error as it relates to Lumberman's."
 {¶ 35} We note appellee herein now believes this writer has abandoned this reasoning based upon the opinion of Greene v. WestfieldInsurance Co., Stark App. No. 2002CA00114, 2002-Ohio-6179. This writer believes a thorough reading of Greene will establish I did not abandon my dissent in Hopkins I, but chose to address the specific assignment of error in Greene.
 {¶ 36} In Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, the Supreme Court of Ohio discussed "the law of the case doctrine" as follows:
 {¶ 37} "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law."
 {¶ 38} We find this doctrine to be the appropriate legal theory to use when addressing issues previously argued to the trial court, the court of appeals and in support of jurisdiction to the Supreme Court of Ohio. Without judicial finality, we would be faced with uncertainty in the law and we would undermine the philosophy of the rule of law. There may be issues not properly before the trial court or court of appeals where the rule of law doctrine would be inappropriate. This case is not one of those.
 {¶ 39} Assignments of Error I and II are denied.
 Cross-appeal {¶ 40} Appellee has assigned four cross-assignments of error. However, in the notice of appeal filed February 7, 2003, appellee appealed the trial court's judgment entry as it related to Conclusion of Law No. 5 which stated the following:
 {¶ 41} "5. The total sum of Underinsured Motorists Coverage available for payment on the Plaintiff's Claim in this litigation is the sum of Sixteen Million Five Hundred Thousand Dollars ($16,500,000.00), subject to a set-off for the sum of Fifteen Thousand Dollars ($15,000.00) previously recovered by the Plaintiff from Defendant Dyer's insurance carrier, Allstate Insurance Company."
 {¶ 42} Pursuant to App.R. 3(D), we will limit our decision and discussion to the issue raised in the notice of appeal and Conclusion of Law No. 5. Therefore, Cross-Assignment of Error IV is denied.
 Cross-assignments of error I, II, III {¶ 43} The gravamen of appellee's cross-assignments of error surrounds the $15,000 payment recovered from Mr. Dyer's insurance carrier, Allstate. In Hopkins I, we addressed the $15,000 payment in Assignment of Error III and sustained the assignment. The decision to sustain said assignment was predicated upon sustaining Assignment of Error I wherein we found the trial court erred in granting Mr. Dyer leave to plead and in overruling the default judgment. By so ruling in HopkinsI, we negated any claims of the parties that appellee received any settlement of $15,000 from Allstate. Therefore, under the law of the case doctrine, there is no $15,000 payment to be applied as a set-off against any claims of appellee.
 {¶ 44} All parties agree any money as a consortium claim paid to appellee's mother, Nancy Hopkins, does not qualify as a set-off.
 {¶ 45} Cross-Assignments of Error I, II and III are granted.
 {¶ 46} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part.